UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GIMEL QADDIAR MORGAN,

    Petitioner,                    Civil No. 2:07-CV-12396
                                         HONORABLE DENISE PAGE HOOD
v.                                     UNITED STATES DISTRICT JUDGE

THOMAS BIRKETT,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

Gimel Qaddiar Morgan, ("petitioner"), presently confined at the Standish Maximum Correctional Facility in Standish, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his sentence for armed robbery, M.C.L.A. 750.529; assault with intent to do great bodily harm, M.C.L.A. 750.83; and felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED.**

## I. Background

Petitioner pled guilty to the above charges in the Genesee County Circuit Court as part of a plea agreement. Petitioner was sentenced to fifteen to thirty years in prison for armed robbery, five to ten years for assault with intent to do great bodily harm, and two years for felony-firearm. Petitioner's conviction and

1

sentence were affirmed on appeal. *People v. Morgan,* No. 269057 (Mich.Ct.App. April 25, 2006); *lv. den.* 477 Mich. 913; 722 N.W. 2d 807 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> I. Is Defendant entitled to re-sentencing because the statutory sentencing guidelines were scored as to Offense Variables 4, 13, and 14 in violation of the Sixth and Fourteenth Amendments?

## II. Discussion

Petitioner contends that the trial court incorrectly scored several of the offense variables of the Michigan Sentencing Guidelines by using facts which had not been proven beyond a reasonable doubt before a jury.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. After undertaking the review required by Rule 4, this Court concludes that Petitioner's habeas claims are meritless, such that the petition must be summarily

2

denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner's sentence of fifteen to thirty years for armed robbery, five to ten years for assault with intent to do great bodily harm, and two years for felony-firearm was within the statutory limit under Michigan law for these crimes. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Cook,* 56 F. Supp. 2d at 797. "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Petitioner's claim that several of the offense variables of the Michigan Sentencing

Guidelines were incorrectly scored fails to state a claim upon which habeas relief can be granted. *Id.*

Petitioner also contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines which had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by Petitioner. In support of his claim, petitioner relies on the case of *Blakely v. Washington,* 542 U.S. 296 (2004), in which the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The problem with Petitioner's reliance on *Blakely* is that *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, however, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan,* 475 Mich. 140, 160-61; 715 N.W. 2d 778 (2006); *cert. den. sub nom Drohan v. Michigan,* 127 S. Ct. 592 (2006); *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(both citing M.C.L.A. 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in

4

*Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A. 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n. 14. Michigan's indeterminate sentencing scheme is therefore unaffected by the U.S. Supreme Court's holding in *Blakely. Drohan,* 475 Mich. at 164.

The decision in *Blakely* has no application to Petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of Petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights. See *Jones v. Trombley,* 2007 WL 405835, * 3 (E.D. Mich. January 31, 2007); *Mays v. Trombley,* 2006 WL 3104656, * 3 (E.D. Mich. October 31, 2006); *Worley v. Palmer,* 2006 WL 2347615, * 2 (E.D. Mich. August 11, 2006); *Toothman v. Davis,* 2006 WL 2190515, * 2 (E.D. Mich. August 1, 2006).

### III.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

                                                  s/ DENISE PAGE HOOD
                                                  **HON. DENISE PAGE HOOD**
                                                  UNITED STATES DISTRICT COURT

DATED: August 9, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 9, 2007, by electronic and/or ordinary mail.

                                                  S/William F. Lewis
                                                  Case Manager